UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| CYRUS BENEDICKT | CIVIL ACTION NO: |
|---|---|
| VERSUS | JUDGE |
| CAL-DIVE INTERNATIONAL, INC. | MAGISTRATE |

PETITION WITHIN ADMIRALTY AND
MARITIME JURISDICTION, PURSUANT TO
THE PROVISIONS OF THE JONES ACT,
46 U.S.C.A. 688, AND THE
<u>GENERAL MARITIME LAW</u>

The petition of Cyrus Benedickt, a resident and citizen of the full age of majority and domiciled in Austin, Texas (hereafter, the "petitioner"), with respect represents that:

1.

This is an action within admiralty and maritime jurisdiction, pursuant to an Act of Congress, known as the Merchant Marine Act, approved by Congress June 5, 1920, Section 33, commonly referred to as the Jones Act, (46 U.S.C.A. 688) and pursuant to the General Maritime Law of the United States of America, as hereinafter more fully appears.

2.

Made defendants in this action are:

(1) CALDIVE INTERNATIONAL, INC. a Delaware corporation doing

business in, and having its principal place of business in Houston, Texas (hereafter, "CalDive").

3.

At all times hereinafter mentioned, defendant CalDive managed, operated, controlled, and crewed a specific fleet of vessels including the dive vessel Midnight Star, a vessel in navigation and operation out of the Port of Fouchon, the connecting waterways of central Louisiana, and the Eastern and Western Gulf of Mexico of the coast of the Eastern District of Louisiana (hereafter, the "vessel or vessels").

## FOR A FIRST CAUSE OF ACTION

4.

While the plaintiff was working on board the vessel he suffered either bad gas or improper decompression and developed pain in his left knee. This event and other incidents of improper decompression contributed directly to his present condition. During his employ with CalDive he only worked aboard CalDive boats or Stolt Offshore boats (Stolt being a predecessor corporation of CalDive).

5.

In June 2013, the plaintiff developed a pain in his hip and was diagnosed with bilateral necrosis of the femoral heads.

6.

This injury is the direct result of improper decompression and/or improper gas mixtures suffered by the plaintiff over the course of his long employ with CalDive

7.

As a result of the accident and attendant injuries, petitioner can no longer work as a diver/seaman and is only able to ambulate with the use of assistive devices.

8.

Said damages include but are not limited to:

(a) Physical and mental pain and suffering, past, present and future;

(b) Loss of wage earning capacity;

(c) Lost wages, past, present and future;

(d) Loss of enjoyment of life; and,

(e) Disfigurement.

9.

The sole, proximate, and legal cause of the above described accident was the negligence of defendant CalDive, its servants, agents, and employees, either individually or concurrently, in the following non-exclusive particulars:

(a) Breach of a legally imposed duty of reasonable care owed by the defendant to the plaintiff;

(b) Failure to provide a reasonably safe place to work;

(c) Failure to provide or institute reasonably safe means to perform the activities being performed by the plaintiff at the time plaintiff was injured;

 (d) Failure to properly train and supervise its employees;

 (e) Failure to properly decompress the plaintiff on each and every dive;

 (f) Failure to determine whether there were bad gases used by the plaintiff at any dives while in the employ of CalDive; and,

 (g) Other acts of negligence which will be proven upon the trial of this cause.

## FOR A SECOND CAUSE OF ACTION

Petitioner here re-alleges all of the facts contained in the foregoing paragraphs with the same effect as if alleged herein at length. In addition thereto, petitioner shows that:

10.

Pursuant to the General Maritime Law of the United States of America, the defendants had an absolute and non-delegable duty to provide petitioner with a safe and seaworthy vessel and appurtenances, a seaworthy crew, and a safe place to work.

11.

The vessel was unseaworthy by reason of the facts alleged in the foregoing paragraphs. The petitioner's injuries were directly and proximately caused by the vessel's unseaworthiness.

12.

As a direct result of the vessel's unseaworthiness, petitioner has suffered the damages and injuries described above and in such amounts as are just and reasonable in the premises, together with legal interest thereon from date of judicial demand until paid, and for all costs of these proceedings.

## FOR A THIRD CAUSE OF ACTION

Petitioner here re-alleges all of the facts contained in all of the foregoing paragraphs with the same effect as if alleged herein at length. In addition thereto, petitioner shows that:

13.

Pursuant to the General Maritime Law of the United States of American, the defendants have the absolute and non-delegable duty to provide petitioner with maintenance and cure benefits from the date that he was rendered unfit for duty until maximum cure is achieved.

14.

As a result of these incidents, the petitioner was rendered unfit for duty on or about June 2013, and remains unfit and incapable of returning to work as a diver/seaman.

15.

The defendants are indebted to the petitioner for past and future maintenance and cure benefits in the amount mandated by law from June 2013, until maximum cure is achieved, and for all costs of cure incurred by petitioner from June 2013, until maximum cure is achieved.

16.

As a result of the accident and attendant injuries, petitioner has suffered damages in such amounts as may be set by this Honorable Court, together with legal interest thereon from the date of judicial demand until paid, and for all costs of these proceedings. Due to the willful, wanton and egregious nature of the defendant's conduct described

throughout this petition, the petitioner is additionally entitled to punitive damages under the relevant provisions of general maritime law.

17.

As a direct result of the vessel's unseaworthiness, including unseaworthiness owing to the defendant's tortious conduct, the petitioner has suffered the damages and injuries described above and in such amounts as are just and reasonable in the premises, together with legal interest thereon from the date of judicial demand until paid, and for all costs of these proceedings. Due to the willful, wanton and egregious nature of the defendant's conduct in causing unseaworthiness, the petitioner is additionally entitled to punitive damages under the relevant provisions of general maritime law.

FOURTH CAUSE OF ACTION

18.

The defendant is indebted to the petitioner for past and future maintenance and cure benefits in the amount mandated by law from the above-mentioned date of the accident, until maximum cure is achieved, and for any and all costs of cure incurred by petitioner during this period of time.

19.

Dr. Peace has diagnosed the plaintiff with bilateral femoral head necrosis. It is recommended that the plaintiff undergo treatment including, but not limited to hyperbaric treatment for the damage to the femoral heads in order to allow the plaintiff ambulation. The defendant, however, has willfully, wantonly and arbitrarily refused to

pay maintenance and cure to the petitioner, despite the recommendations for treatment made by Dr. Pearce.  Under general maritime law, the petitioner is therefore entitled to recover punitive damages in addition to all other amounts sought  herein.

WHEREFORE PETITIONER PRAYS that after due proceedings had;

(a)     That judgment be rendered herein in favor of the petitioner, Cyrus Benedickt, and against the defendant,  CalDive International, Inc., for damages in an amount to be set by this Honorable Court, together with legal interest thereon from date of judicial demand until paid, and for all costs of these proceedings, for the negligence of the defendant and/or the unseaworthiness of its vessel which directly caused petitioner's injuries; and,

(b)     There be judgment herein favor of the petitioner, Cyrus Benedickt, and against the defendants,  CalDive International, Inc., for the  amount mandated by law per day for maintenance and cure from June, 2013, and for all expenses of cure incurred by plaintiff until maximum cure is achieved; and,

(c)     For all general and equitable relief.

By Attorneys,

 S/AUB A. WARD
AUB A. WARD (#13228)
Naquin & Ward
8034 Jefferson Hwy.
Baton Rouge, Louisiana  70809
Telephone (225) 927-1907
award@nwlaw.net

**PLEASE SERVE:**
CalDive INTERNATIONAL, INC.
Through its Agent for Service:
C T Corporation System
5615 Corporate Boulevard, Suite 400B
Baton Rouge, Louisiana 70808